UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

THEMO SOUOP CLODETTE EDURZE,
Petitioner,

v.

CHRISTOPHER LAROSE, et al.,
Respondents.

Case No.: 26-CV-4557 JLS (SBC)

**ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS,**

**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER, AND**

**(3) DENYING AS MOOT EX PARTE MOTION TO VACATE ORDER TO SHOW CAUSE AND LIFT STAY OF TRANSFER**

(ECF Nos. 1, 2, 6)

Presently before the Court is Petitioner Themo Souop Clodette Edurze's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion for Temporary Restraining Order ("TRO," ECF No. 2). Also before the Court is Respondents' Return in Opposition ("Ret.," ECF No. 5) and Ex Parte Motion to Vacate Order to Show Cause and Lift Stay of Transfer (ECF No. 6). Petitioner did not file a traverse. *See generally* Docket. For the reasons set forth below, the Court **DENIES** Petitioner's Petition for a Writ of Habeas Corpus and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order and Respondents' Ex Parte Motion to Vacate Order to Show Cause.

## BACKGROUND

Petitioner is a native and citizen of Cameroon and is currently detained at the Otay Mesa Detention Center. Ret. at 2. On May 21, 2026, Petitioner entered the United States at or near San Ysidro, California, without inspection. *Id.* Petitioner was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(i)(I) and was issued a Notice and Order of Expedited Removal. *Id.* Since Petitioner's arrest, she has been mandatorily detained pursuant to 8 U.S.C. § 1225(b)(1). *Id.* Petitioner received a credible fear interview, which resulted in a negative determination. *Id.* On May 26, 2026, an immigration judge affirmed the asylum officer's negative credible fear determination. *Id.* Respondents have secured a travel document and flight to effectuate Petitioner's removal to Cameroon and have indicated their ability to do so once the Court lifts its order enjoining transfer out of the district. *Id.* (citing ECF No. 3).

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

/ / /

/ / /

## DISCUSSION

When an alien is denied asylum and ordered removed, they must be detained for ninety days pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

Of importance here is when the "removal period" begins. "[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Section 1231(a)(1)(B) states that:

> The removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

"[W]here an alien seeks release prior to the expiration of the presumptive six-month period, [her] claims are unripe for federal review." *Waraich v. Ashcroft*, No. CVF051036, 2005 WL 2671406, at *1 (E.D. Cal. Oct. 19, 2005) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002)); *see also Ali v. Barlow*, 446 F. Supp. 2d 604, 609 (E.D. Va. Aug. 28, 2006) (finding petitioner's habeas petition premature when the six-month period had not passed). Here, Petitioner's removal order became administratively final on May 26, 2026, because that is when the immigration judge entered a final order of removal. *See, e.g.*, *Aaron H. v. Chestnut*, 26-CV-1232-TLN-SCR, 2026 WL 1398910, at *1 (E.D. Cal. May 19, 2026) ("Petitioner's order of removal became final after the immigration judge's order affirming USCIS's negative fear determination."). Therefore, Petitioner's claim will become ripe for review by November 26, 2026—six months after May 26, 2026—making the current Petition premature.

Even if Petitioner's claim was ripe, the Court is not persuaded that Petitioner has met her burden of demonstrating that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) (stating that the *Zadvydas* court did not preclude a noncitizen from challenging their detention before the end of the six-month period, but nonetheless finding petitioners had not satisfied their initial burden). Respondents indicate that they have secured a travel document and flight and are able to immediately effectuate Petitioner's removal to Cameroon once the instant Petition is resolved. Ret. at 2; *cf. Conchas-Valdez v. Casey*, No. 25-CV-02469-DMS-JLB, 2025 WL 2884822, at *3 (S.D. Cal. Oct. 6, 2025) (satisfying petitioner's burden where petitioner repeatedly requested updates and was ignored, petitioner was denied by three countries, respondents failed to name any other countries the Government was working with, and petitioner was told that his assigned officers had not done anything on his case for several months).

/ / /

/ / /

Therefore, because the six-month period of presumptive reasonableness has not passed, Petitioner's claim is not ripe for review, and even if it were ripe, Petitioner has not met her initial burden.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) **WITHOUT PREJUDICE** and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 2) and Respondents' Ex Parte Motion to Vacate Order to Show Cause and Lift Stay of Transfer (ECF No. 6). As this concludes the litigation in this matter, the Clerk of the Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: September 1, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge